# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIA MULLER, | ) | 1:10-cv-00363 GSA |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) | |
| | ) | (Document 10) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On February 26, 2010, Plaintiff filed a complaint in this Court seeking review of the denial of her application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. (Doc. 1.) On May 10, 2010, the Commissioner moved to dismiss the action untimely. (Doc. 10.) Plaintiff filed an opposition to the motion on June 8, 2010. (Doc. 11.) On June 9, 2010, the Commissioner filed a reply to the opposition. (Doc. 12.)

**RELEVANT PROCEDURAL HISTORY**

On September 23, 2009, Administrative Law Judge Sharon L. Madsen issued a decision denying benefits. (Doc. 10 at 1 & Devera Decl., Ex. 1.)

On November 25, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Doc. 10 at 2 & Devera Decl., Ex. 2; *see also* Doc. 1, ¶ 8.)

On February 9, 2010, Plaintiff faxed a request for a thirty day extension of time to the Appeals Council for purposes of filing an appeal. (Doc. 10 at 2 & Devera Decl., Ex. 3.)

On February 26, 2010, Plaintiff filed her complaint with this Court. (Doc. 1.)

On April 19, 2010, the Appeals Council denied the request for an extension of time within which to file a civil action. (Doc. 10 at 2 & Devera Decl., Ex. 4.)

## DISCUSSION

Judicial review of the Commissioner's administrative decisions provides, in pertinent part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g); *see also Banta v. Sullivan*, 925 F.2d 343, 344 (9th Cir. 1991) (quoting and applying section 405(g)). The sixty-day limitation is treated as a statute of limitations period and is subject to equitable tolling provisions. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Banta*, 925 F.2d at 346; *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).

Here, Plaintiff's complaint was filed outside of the sixty-day period provided by section 405(g). The Appeals Council's letter denying review was dated November 25, 2009. Thus, Plaintiff had through and including January 29, 2010,[1] within which to file her complaint. However, Plaintiff's complaint was not filed until February 26, 2010.

While Plaintiff did fax a request for a thirty-day extension of time to the Appeals Council, that too was tardy. She did not fax her request until February 9, 2010, or eleven days after the deadline had passed. (Doc. 10, Devera Decl., Ex. 3 [facsimile dated "Feb. 09 2010 04:29 PM"].) Plaintiff previously asserted the fax request was dated January 28, 2010 (Doc. 1, ¶ 8) and therefore timely. Regardless of the date Plaintiff handwrote on the request itself,[2] the request was not

---

[1] 11/25/09 + 60 days = 1/24/10 *plus* 5 days for mailing = 1/29/10.

[2] Of interest, this Court notes there are actually two different dates handwritten on the face of Plaintiff's request: "1-28-10" and "Friday [February] 5th [2]010." (*See* Doc. 1, Ex. 1 & Doc. 10, Devera Decl., Ex. 3.)

otherwise communicated to the Appeals Council until the date upon which the request was actually faxed: February 9, 2010. Clearly, the request was not timely.

Additionally, and as pointed out in the Commissioner's moving papers, the basis for Plaintiff's request is the fact she had "just found a lawyer who [was] willing to take" her case and file the appeal. Plaintiff is not required to obtain legal representation for purposes of appeal and could have filed a complaint pro se. The November 25, 2009, letter from the Appeals Council makes reference to this fact. (Doc. 10, Devera Decl., Ex. 2 ["You or your representative . . ."].) Morever, Plaintiff's own request seems to acknowledge the untimeliness of her request wherein she stated "[t]he old file deadline has past I had sixty five days since November 25, 2009." (Doc. 1, Ex. 1 & Doc. 10, Devera Decl., Ex. 3.)

Equitable tolling is justified only where the equities in favor of tolling the limitations period are "'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. at 479-482. In this case, deference to the agency is completely appropriate. There is no evidence of secretive or misleading conduct by the Commissioner that interfered with or otherwise hindered Plaintiff's ability to exercise her rights to review. *Vernon v. Heckler*, 811 F.2d at 1278.

## CONCLUSION

Plaintiff complaint was not timely filed and she has not offered any basis for an extension of the filing deadline based on equitable tolling principles. As a result, the Commissioner's motion to dismiss is GRANTED. The Clerk is DIRECTED to close this action.


IT IS SO ORDERED.

**Dated:   June 16, 2010**               /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE